# UNITED STATES DISTRICT COURT
## District of Kansas
(Kansas City Docket)

**UNITED STATES OF AMERICA,**

         **Plaintiff,**

         v.                                 CASE NO. 2:22-cr-20011-HLT-JPO

**DAWNA KELLOGG,**
  a/k/a "Dawna Brandt,"

         **Defendant.**

# INFORMATION

**THE UNITED STATES ATTORNEY CHARGES**:

## COUNTS 1-8

**WIRE FRAUD**
**[18 U.S.C. § 1343]**

1. Beginning on a date unknown, but no later than in or about January 2007, and continuing through in or about June 2017, in the District of Kansas and elsewhere, the defendant,

**DAWNA KELLOGG,**
a/k/a "Dawna Brandt,"

with intent to defraud, did knowingly devise and intend to devise a scheme and artifice to defraud, by means of materially false and fraudulent pretenses and representations and by omissions of material facts, well knowing and having reason to know that said pretenses and representations were and would be false and fraudulent when made and caused to be made and that said omissions would be material.

## Parties, Relevant Persons, Entities

At times relevant to this information:

2.  The Johnson County District Court was based in Olathe, Kansas ("the Court").

3.  The Clerk of the Court maintained a bank account with Brotherhood Bank & Trust (account number ending in 0201), in Kansas City, Kansas.  In June 2013, Brotherhood Bank & Trust rebranded as Bank of Labor, but branches continued using the name Brotherhood Bank & Trust until September 2016.

4.  The Court utilized the Justice Information Management System ("JIMS") as a case management system.  JIMS had an accounting function to manage the Court's financial transactions.

5.  From in or about April 2003 through in or about June 2017, defendant DAWNA KELLOGG, who at that time was using the name "Dawna Brandt," was employed as the Accounting Supervisor for the Court.

6.  Sometime after June 2017, the defendant legally changed her last name from "Brandt" to "Kellogg."

**Manner and Means**

7. As the Accounting Supervisor, KELLOGG had responsibility and control over the Court's accounting and finances, including managing the accounting department, collecting funds from each county system, recording funds collected, processing daily reports, and depositing collected funds into the Clerk of Court's Brotherhood Bank & Trust account.

8. The object of the scheme to defraud was for KELLOGG to use her position as the Court's Accounting Supervisor to steal incoming cash payments from the Court.

9. As part of the scheme to defraud, without the Court's knowledge or consent, KELLOGG stole cash that the Court received, such as bail bond payments, rather than depositing the funds into the Clerk of Court's Brotherhood Bank & Trust account. KELLOGG either spent or deposited the embezzled proceeds into her personal accounts at Community America Credit Union and Brotherhood Bank & Trust and her joint account with J.B., an individual whose identity is known to the United States Attorney, at Security Bank of Kansas City.

10. As part of the scheme to defraud, and to conceal the fact that she was stealing cash from the Court, KELLOGG fraudulently completed Clerk of Court checks by making them payable to the Clerk of Court, drawn on the Clerk of Court's Brotherhood Bank & Trust account.  Without the Court's knowledge or consent, KELLOGG caused the checks to be deposited, including the checks set forth in Counts 1 through 8 below.  The checks were drawn on and deposited into the same Clerk of the Court's Brotherhood Bank &

Trust account, which created a corresponding debit and credit and thus no increase or decrease in the amount under deposit.

11. Between January 2007 and June 2017, KELLOGG caused nearly 500 Clerk of Court checks to be issued in amounts ranging from $100 to $10,000, each of which was designed to create an open payable in the JIMS system to conceal the embezzled cash.

12. To further conceal her conduct, KELLOGG caused fraudulent entries to be made in the JIMS system's accounting function to prevent others within the Clerk's Office from discovering the fraud.

13. KELLOGG stole more than $1 million via the fraudulent scheme described above.

## Execution of the Scheme

14. On or about the dates set forth in the chart below, each date constituting a separate count, in the District of Kansas and elsewhere, the defendant,

**DAWNA KELLOGG,**
a/k/a "Dawna Brandt,"

for the purpose of devising and intending to devise the aforementioned scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses and representations, and by omission of material facts, did, with intent to defraud, transmit and cause to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds; that is, wire communications related to the clearing and settlement of checks presented to Brotherhood Bank & Trust, identified below, and drawn on the Clerk of Court's Brotherhood Bank & Trust checking account ending in number 0201:

4

| COUNT | DATE | AMOUNT | DESCRIPTION |
| --- | --- | --- | --- |
| 1 | 4/30/2013 | $2,300 | Check # 242904 made payable to Clerk of the District Court, which was scanned in Kansas and electronically sent to Brotherhood Bank & Trust's image processing center in Arkansas, and electronically sent from Arkansas to the bank's core processor in Wisconsin |
| 2 | 1/2/2014 | $1,200 | Check # 248710 made payable to Clerk of the District Court, which was scanned in Kansas and electronically sent to Brotherhood Bank & Trust's image processing center in Arkansas, and electronically sent from Arkansas to the bank's core processor in Wisconsin |
| 3 | 6/9/2014 | $2,800 | Check # 252499 made payable to Clerk of the District Court, which was scanned in Kansas and electronically sent to Brotherhood Bank & Trust's image processing center in Arkansas, and electronically sent from Arkansas to the bank's core processor in Wisconsin |
| 4 | 3/30/2015 | $2,000 | Check # 260010 made payable to Clerk of the District Court, which was scanned in Kansas and electronically sent to Brotherhood Bank & Trust's image processing center in Arkansas, and electronically sent from Arkansas to the bank's core processor in Wisconsin |
| 5 | 12/7/2015 | $2,500 | Check # 266728 made payable to Clerk of the District Court, which was scanned in Kansas and electronically sent to Brotherhood Bank & Trust's image processing center in Arkansas, and electronically sent from Arkansas to the bank's core processor in Wisconsin |
| 6 | 6/2/2016 | $5,000 | Check # 271402 made payable to Clerk of the District Court, which was scanned in Kansas and electronically sent to Brotherhood Bank & Trust's image processing center in Arkansas, and electronically sent from Arkansas to the bank's core processor in Wisconsin |

| 7 | 1/11/2017 | $1,750 | Check # 277244 made payable to Clerk of the District Court, which was scanned in Kansas and electronically sent to Brotherhood Bank & Trust's image processing center in Arkansas, and electronically sent from Arkansas to the bank's core processor in Wisconsin |
|---|---|---|---|
| 8 | 3/10/2017 | $3,000 | Check # 278744 made payable to Clerk of the District Court, which was scanned in Kansas and electronically sent to Brotherhood Bank & Trust's image processing center in Arkansas, and electronically sent from Arkansas to the bank's core processor in Wisconsin |

In violation of Title 18, United States Code, Section 1343.

## COUNTS 9-11

**MAKING AND SUBSCRIBING TO FALSE FEDERAL TAX RETURN**
**[26 U.S.C. § 7206(1)]**

15. Paragraphs 1 through 14 are incorporated here.

16. On or about the dates set forth in the separate counts below, in the District of Kansas, the defendant,

**DAWNA KELLOGG,**
**a/k/a "Dawna Brandt,"**

a resident of Paola, Kansas, willfully made and subscribed United States Individual Income Tax Returns, Forms 1040, for the calendar years listed below, each of which was verified by a written declaration that it was made under the penalty of perjury, which KELLOGG did not believe to be true and correct as to every material matter. Those returns, each of which was prepared and signed in the District of Kansas and was filed with the Internal Revenue Service, reported total income for tax years as set forth below, whereas, as KELLOGG then and there well knew and believed, her taxable income was

6

substantially greater because she failed to report embezzled funds in the following amounts:

| Count | Filing Date (Calendar Year) | Unreported Additional Income |
|---|---|---|
| 9 | March 7, 2016 (2015) | Approximately $84,925 in funds embezzled from the Court for her personal gain |
| 10 | March 27, 2017 (2016) | Approximately $137,300 in funds embezzled from the Court for her personal gain |
| 11 | May 21, 2018 (2017) | Approximately $56,500 in funds embezzled from the Court for her personal gain |

In violation of Title 26, United States Code, Section 7206(1).

## **FORFEITURE NOTICE**

17. The allegations contained in paragraphs 1 through 16 are incorporated for purposes of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(2)(A).

18. Upon conviction of the offenses in violation of Title 18, United States Code, Section 1343, set forth in Counts 1-8 of this Information, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to, the following:

    A. A forfeiture money judgment against the defendant in an amount equal to the amount of gross proceeds obtained or derived by her from the commission of Counts 1-8.

19. If any of the property described above, as a result of any act or omission of the defendant:

    A.    cannot be located upon the exercise of due diligence;

  B. has been transferred or sold to, or deposited with, a third party;

  C. has been placed beyond the jurisdiction of the court;

  D. has been substantially diminished in value; or

  E. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

Dated March 1, 2022

DUSTON J. SLINKARD  
UNITED STATES ATTORNEY

*/s/ Ryan J. Huschka*  
Ryan J. Huschka  
Assistant United States Attorney  
Ryan.Huschka@usdoj.gov  
Kan. Sup. Ct. No. 23840

*/s/ D. Christopher Oakley*  
D. Christopher Oakley  
Assistant United States Attorney  
Email: Chris.Oakley@usdoj.gov  
Kan. Sup. Ct. No. 19248

Robert J. Dole Courthouse  
500 State Avenue, Suite 360  
Kansas City, Kansas 66101  
Phone: 913-551-6730  
Fax: 913-551-6541

> IT IS REQUESTED THAT THE TRIAL BE HELD IN KANSAS CITY, KANSAS

## PENALTIES

### Counts 1-8: Wire Fraud, 18 U.S.C. § 1343

- Punishable by a term of imprisonment of not more than twenty (20) years. 18 U.S.C. § 1343.

- A term of supervised release of not more than three (3) years. 18 U.S.C. § 3583(b)(2).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3). In the alternative, the defendant may be fined not more than the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571(d).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

### Counts 9-11:  Making and Subscribing to False Federal Income Tax Return, 26 U.S.C. § 7206(1)

- Punishable by a term of imprisonment of not more than three (3) years. 26 U.S.C. § 7206.

- A term of supervised release of not more than one (1) years. 18 U.S.C. § 3583(b)(3).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).